FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 SEP 30 A 10: 06

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENNETH E. DUNHAM,

    Petitioner,

vs.                              CIVIL ACTION NO. CV205-069

UNITED STATES PAROLE COMMISSION
and JOSE VASQUEZ, Warden,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth Dunham ("Dunham"), an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response. For the reasons which follow, Dunham's petition should be **DENIED**.

## STATEMENT OF THE CASE

Dunham was convicted in the Southern District of Florida for the offense of bank robbery by means of force and violence; he was sentenced on June 8, 1984, to 10 years' imprisonment. (Resp., p. 1.) On May 14, 1986, Dunham received an initial parole hearing, and the Parole Commission continued him to a presumptive release date of June 16, 1988, after the service of 52 months' imprisonment. (Resp'ts' Ex. D.) On January 4, 1988, the Parole Commission retarded Dunham's presumptive parole date based on an institutional misconduct report. The Parole Commission ordered a new presumptive parole date of August 16, 1988. However, on July 20, 1988, the Parole Commission conducted a parole

rescission hearing based on a charge that Dunham used drugs. After this hearing, the Parole Commission set a new parole date of October 14, 1988. (Resp'ts' Ex. H.) Dunham escaped from custody on September 28, 1988, and while on escape, committed the offense of bank robbery. On April 4, 1989, Dunham was sentenced in the Eastern District of Texas to a consecutive term of 240 months' imprisonment for the bank robbery charge and to a concurrent term of 41 months' imprisonment for the escape charge. (Resp., p. 2.) The Parole Commission conducted a rescission hearing on January 24, 1990, and determined that Dunham should have a parole release date of February 28, 1990, after the service of 15 months. Dunham was paroled to his consecutive term of imprisonment on February 28, 1990. Dunham is scheduled to be released from custody on his 240 month sentence on May 15, 2008. (Resp., p. 3.)

Dunham, in the instant petition, contends that the Parole Commission should have given him a revocation hearing within 180 days of his return to federal custody. Instead, Dunham asserts, he was not given a hearing until 16 months after his October 1988 arrest. Dunham alleges that he is entitled to receive credit for the time he served between October 1988 and April 1989. Finally, Dunham asserts that his projected release date of May 2008 exceeds his lawful projected release date by approximately 11 months.

Respondents aver that Dunham was not entitled to a parole revocation hearing. Respondents also aver that Dunham is not entitled to an earlier commencement date on his 240 month sentence.

### DISCUSSION AND CITATION OF AUTHORITY

In making parole decisions, the Parole Commission must determine whether an inmate has "substantially observed the rules of the institution . . . to which he has been confined."

2

18 U.S.C.A. § 4206(a). If an inmate who has been granted an effective date of parole "has been found in violation of institution rules . . . or is alleged to have committed a new criminal act at any time prior to the delivery of the certificate of parole", the Parole Commission may reopen the case and schedule a rescission hearing on the first docket following an inmate's return to a federal penal institution. 28 C.F.R. § 2.34(a). In addition, the Parole Commission is entitled to add 8 to 16 months to an inmate's original presumptive parole date when an inmate escapes from a prison facility. 28 C.F.R. § 2.36(a)(2)(i)(A). Moreover, an instance of new criminal activity can be rated according to the Parole Commission's guidelines. 28 C.F.R. §§ 2.36(a)(2)(ii) and 2.20.

In the instant case, the Parole Commission retarded Dunham's release date pursuant to 28 C.F.R. § 2.36 and made the decision to sanction him by imposing an additional 15 months on him. It appears that the Parole Commission's imposition of an additional 15 months is well below what it could have imposed on him. Dunham was subject to receive 8 to 16 months' additional time for his escape, 60 to 72 months' additional time for the robbery, and 0 to 2 months' additional time for using drugs. 28 C.F.R. §§ 2.36(a)(2(i)(A), 2.36(a)(1), and 2.20. Thus, the Parole Commission could have added 68 to 90 months' additional time to Dunham's parole release date. Instead, the Parole Commission only added 15 months.

Dunham's assertion that having had an earlier rescission hearing would have affected the Parole Commission's determination in his case is without merit. Once the Parole Commission was advised of Dunham's escape and his conviction for armed robbery and received all the necessary information thereto, it appears that Dunham received a rescission hearing as soon as practicable. See 28 C.F.R. § 2.34(a).

3

AO 72A
(Rev. 8/82)

Dunham's seeming contention that his current projected release date exceeds the "lawful expiration" of his 20 year sentence is not supported by facts or law. (Pet., p. 3.) It appears that Dunham's contention in this regard should be addressed to the Bureau of Prisons; this Court is not in the position to interfere with the Bureau of Prisons' discretionary determination of an inmate's projected release date.

In sum, Dunham is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Dunham's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)